United States District Court
Middle District of Florida
Jacksonville Division

**MATTHEW BRYAN CANIFF,**

    Petitioner,

v.                                                                      **NO. 3:21-cv-356-BJD-LLL**
                                                                                                  **3:16-cr-060-BJD-JRK**

**UNITED STATES OF AMERICA,**

    Respondent.

_____

### Order Denying Motion for Leave to Amend

Petitioner Matthew Bryan Caniff moves for leave to amend his Motion to Vacate Sentence Under 28 U.S.C. § 2255. Civ. Doc. 12.[1] Petitioner, who is represented by counsel, asks to replace his current section 2255 motion, civ. doc. 1, with an amended section 2255 motion that raises five new claims for relief and reasserts one of his original claims, civ. doc. 9. The government has responded in opposition, civ. doc. 13.

### Background

In 2017, a jury convicted petitioner of one count of attempted online enticement of a minor to engage in illegal sexual activity (Count One), one count of advertising for child pornography (Count Two), and one count of attempted production of child

---

[1] "Civ. Doc. __" refers to docket entries in the civil § 2255 case, No. 3:21-cv-356-BJD-LLL. "Crim. Doc. __" refers to docket entries in the criminal case, No. 3:16-cr-60-BJD-LLL.

1

pornography (Count Three). Crim. Doc. 66. The Court sentenced petitioner to concurrent terms of 180 months in prison as to each count. Crim. Doc. 73. On April 9, 2020, the Eleventh Circuit Court of Appeals reversed petitioner's conviction and sentence as to Count Two but affirmed his convictions and sentences as to Counts One and Three. *United States v. Caniff*, 955 F.3d 1183 (11th Cir. 2020). The Court entered an amended judgment on June 26, 2020, reimposing the same sentence as to Counts One and Three only. Crim. Doc. 111. Petitioner did not file a notice of appeal from the amended judgment, nor did he petition the Supreme Court for a writ of certiorari. The petitioner's conviction and sentence became final on September 8, 2020, which was 150 days after issuance of the Eleventh Circuit's April 9, 2020 opinion. *See Jeffries v. United States*, 748 F.3d 1310, 1313–14 (11th Cir. 2014).[2]

Under the one-year limitations period, petitioner had until September 8, 2021, to file a timely section 2255 motion. *See* 28 U.S.C. § 2255(f)(1). Petitioner, through counsel, filed his section 2255 motion on March 31, 2021. Civ. Doc. 1 at 13; Crim. Doc. 125 at 13. In his original section 2255 motion, petitioner raised six ineffective-assistance-of-counsel claims: (1) counsel failed to argue to the jury that petitioner did not violate 18 U.S.C. § 2251(a) by asking for photographic images of a law

---

[2] For opinions and orders entered between March 19, 2020, and July 18, 2021, the Supreme Court extended the time limit to petition for a writ of certiorari from 90 days to 150 days. Order Relating to COVID-19 and Petitions for Certiorari, 589 U.S. ⸺ (Mar. 19, 2020); Order Rescinding Expansion of Time, 594 U.S. ⸺ (July 19, 2021). The 150-day period expired for petitioner on Sunday, September 6, 2020, so the last day for him to petition for writ of certiorari carried over to the next day that was not a Saturday, Sunday, or a federal legal holiday, which was Tuesday, September 8, 2020. *See* Sup. Ct. Rule 30.

2

enforcement officer who was posing as a minor; (2) counsel failed to object to or challenge the use of age-regressed photographs of a law enforcement officer, including failing to "elicit testimony regarding the nature and veracity of the training received" by the officer who testified about using the age-regressed photographs and for not hiring an expert witness to review the photographs; (3) counsel failed to challenge or exclude testimony by law enforcement witnesses describing the words and phrases used by a fictitious minor as those of a 13-year old; (4) counsel did not subpoena the FBI employee who posed as a minor during the operation that led to petitioner's arrest; (5) counsel did not question the government's witnesses about petitioner's role-playing defense; and (6) counsel erred when he asked a detective an open-ended question about whether there was anything else of "any evidentiary value" on petitioner's cell phone. Civ. Doc. 1 (original claims).

The government filed a timely response to the section 2255 motion. Civ. Doc. 5. Petitioner then requested an extension of time to file a reply brief, civ. doc. 6, which the Court granted, civ. doc. 7. But on December 14, 2021, rather than file a reply brief, petitioner filed a "Reply and Amended Motion to Vacate, Set Aside, or Correct Sentence," civ. doc. 9, in which petitioner attempted to file an amended section 2255 motion without leave of Court, contrary to Rule 15 of the Federal Rules of Civil Procedure. The Court struck the unauthorized amended pleading but gave petitioner until February 18, 2022, to "file a reply brief or, alternatively, a motion for leave to amend that is consistent with Rule 15." Civ. Doc. 11.

On March 21, 2022, over a month after the Court's deadline, petitioner filed a motion for leave to amend, in which he seeks to replace the original section 2255 motion with the previously-stricken amended section 2255 motion. Civ. Doc. 12.[3] The proposed amended section 2255 motion raises six claims—five new ineffective-assistance-of-counsel claims and reasserts one original claim. The proposed amended motion states that: (1) counsel erred in failing to argue for a judgment of acquittal because petitioner never confronted an actual underage victim; (2) counsel failed to challenge whether a government witness was qualified to testify as an expert about age-regressed photographs and did not call an expert for the defense; (3) counsel did not present an expert witness to explain what "grooming" is; (4) counsel chose not to provide an expert witness to explain role-playing; (5) counsel failed to raise entrapment as an alternative theory of defense; and (6) counsel failed to object to the jury instructions. Civ. Doc. 9 (amended claims). The government argues that the Court should deny leave to amend because (1) petitioner filed the motion for leave to amend a month after the Court's deadline to do so, and (2) granting leave to amend would be futile because the amended claims are barred by the statute of limitations and do not relate back to the original pleading. Civ. Doc. 13.

**Authority**

"Under Rule 12 of the Rules Governing § 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner consistent with the

---

[3] Petitioner also filed an identical motion for leave to amend in the criminal case on March 18, 2022. Crim. Doc. 130.

Rules Governing § 2255 Proceedings." *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003). A party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days of service of a responsive pleading or motion to dismiss. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). An amendment to a pleading that would otherwise be time-barred "relates back to the date of the original pleading when: … (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1).

To relate back under Rule 15(c) in a section 2255 proceeding, "an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." *Farris*, 333 F.3d at 1215 (citing *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)). Instead, "[t]he untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* (citation omitted); *see also Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

5

## Discussion

Petitioner filed the motion for leave to amend on March 21, 2022, about six months after the one-year statute of limitations expired under 28 U.S.C. § 2255(f)(1). There is no indication that the alternative accrual dates under §§ 2255(f)(2)–(4) would apply to the amended claims, civ. doc. 9. As a result, the amended claims are timely only if they relate back to the original claims – that is, if they arise from the same set of facts as the timely filed claims. *Farris*, 333 F.3d at 1215. Five of the amended claims do not relate back; the other amended claim is not new as it appears in the original section 2255 motion.

Upon review, the Court concludes that the amended claims do not relate back to the original claims and, as a result, the petitioner's motion to amend should be denied. Amended claims one, three, four, five, and six depend on "facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. Amended claim one asserts that trial counsel was ineffective for not moving the Court for a judgment of acquittal because petitioner never confronted an actual underage victim, and therefore his conduct did not fall within the parameters of 18 U.S.C. § 2251(a). Civ. Doc. 9 at 1–4. In contrast, original claim one asserts that counsel was ineffective for not arguing to the jury that petitioner did not violate § 2251(a) merely by "asking" for photographs. Civ. Doc. 1 at 6–7. These claims differ in time and type for two reasons. First, amended claim one concerns what counsel allegedly should have argued to the Court in a motion for judgment of acquittal, while original claim one concerns what counsel should have argued to the jury. Second, amended claim

6

one emphasizes that petitioner did not personally confront the fictitious minor, while original claim one argues that the act of "asking" for a photograph did not qualify as producing child pornography.

In amended claim three, petitioner argues that counsel was ineffective for failing to call an expert witness to explain the concept of "grooming" to the jury. Civ. Doc. 9 at 5–6. None of the grounds in the original section 2255 motion concerned grooming or the lack of expert testimony on the subject, despite the title of original claim three.[4] In amended claim four, petitioner argues that counsel was ineffective for not obtaining an expert to explain role-playing, civ. doc. 9 at 6, whereas original claim five asserts that counsel was ineffective for failing to ask government witnesses about petitioner's representation that he was role-playing, civ. doc. 1 at 10–11. Although amended claim four and original claim five both generally concern a role-playing defense, original claim five did not raise any facts about counsel's failure to investigate, hire, or call an expert witness on the topic. Finally, amended claims five and six assert that counsel was ineffective for not presenting an entrapment defense and not objecting to the jury instructions, respectively. Civ. Doc. 9 at 6–8. None of the original claims discussed entrapment or the jury instructions. Because amended claims one, three, four, five, and six rely on facts that differ in time and type from those the original pleading set forth, the Court finds that they do not relate back to the original section 2255 motion.

---

[4] The title of original claim three references grooming, but the substance of the allegations concern counsel's failure to challenge the law enforcement witnesses' characterization of the words and phrases used by the fictitious minor as the language of a 13-year-old. Civ. Doc. 1 at 9.

The only ground that arguably relates back to the original pleading is amended claim two, which is not really a new claim. In it, petitioner asserts that counsel was ineffective for not challenging the qualifications of an agent who testified (purportedly as an expert) about age-regressed photographs, and for not calling his own expert witness to discuss age-regression technology. Civ. Doc. 9 at 4–5. Similarly, in original claim two, petitioner argued that counsel was ineffective for not objecting to or challenging the use of age-regressed photographs, including by failing to question the training of the agent who testified about them, and for not having an expert review the photographs. Civ. Doc. 1 at 7–9. Both claims relate to the testimony of FBI Special Agent Abbigail Beccaccio, who testified at trial about using age-regressed photographs in the investigation of petitioner. See Crim. Doc. 79, Trial Tr. Vol. I at 37–40, 146–47. While the Court denies leave to amend, it will allow petitioner to file a belated reply brief addressing any of the original claims, including original claim two.

The Court also denies leave to amend because petitioner, without any explanation, filed the motion for leave to amend more than a month after the Court's February 18, 2022, deadline. *See* Civ. Doc. 11 at 2. While the failure to meet the Court-imposed deadline, in and of itself, may not be fatal to a belated request for leave to amend, petitioner missed the deadline by over a month and gave no reason for doing so, *see* civ. doc. 12.

It is **ordered**:

1. Petitioner's Motion for Leave to Amend, civ. doc. 12, is **denied**.

2. The Court will give petitioner another opportunity to file a reply brief. No later than **June 10, 2022**, petitioner may file a reply brief **not to exceed 10 pages**. The reply brief must only respond to the arguments in the government's response, civ. doc. 5, and must not add to the claims raised in the original section 2255 motion, civ. doc. 1. The Court will strike any filing that does not comply with these restrictions.

3. If petitioner does not file a reply brief by **June 10, 2022**, the Court will consider briefing in the matter closed and the case ripe for review.

**Ordered** in Jacksonville, Florida on May 27, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c: Counsel of Record
Matthew Bryan Caniff, BOP Reg. No. 66956–018

9